UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF KIRBY INLAND | § | CIVIL ACTION NO.  4:21-cv-2965 |
| MARINE, LP IN A CAUSE OF | § | |
| EXONERATION FROM OR LIMITATION | § | ADMIRALTY RULE 9(h) |
| OF LIABILITY; IN RE M/V BIG AL | § | |
| | § | |

## CLAIMANT INTERCONTINENTAL TERMINAL COMPANY LLC'S ANSWER TO RULE 14(c)(1) TENDER

Claimant Intercontinental Terminals Company LLC ("ITC"), in response to the Rule 14(c)(1) tender (Dkt. 16) filed by limitation plaintiff Kirby Inland Marine, LP ("Kirby"), pursuant to Rule 14(c)(2) files this Answer to the Claim (Dkt. 12) of David Hayes. Upon information and belief, ITC asserts the following:

## Answer

### FIRST DEFENSE

Hayes's Claim fails to state a claim or cause of action upon which relief may be granted.

### SECOND DEFENSE

ITC makes this answer to the numbered paragraphs of Claimant David Hayes's claim, which begin at Section II, page 6 of Dkt. 12:

1.      ITC admits that Kirby operates inland tank barges and towing vessels to transport bulk liquid products, and that it owns and operates facilities, boats, and barges and employs American seamen on such boats and barges in the Houston Ship Channel. ITC is without information sufficient to form a belief as to the

veracity of the remaining allegations of paragraph 1. To the extent a response is required, those remaining allegations are denied.

2.  ITC admits the allegations contained in paragraph 2.

3.  ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 3. To the extent a response is required, those allegations are denied.

4.  ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 4. To the extent a response is required, those allegations are denied.

5.  ITC admits that a fire occurred at its facility on March 17, 2019. The remaining allegations contained in paragraph 5 are denied.

6.  ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 6. To the extent a response is required, those allegations are denied.

7.  ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 7. To the extent a response is required, those allegations are denied.

8.  ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 8. To the extent a response is required, those allegations are denied.

9.     ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 9. To the extent a response is required, those allegations are denied.

10.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 10. To the extent a response is required, those allegations are denied.

11.    ITC admits that additional tanks at its facility caught fire and released hazardous substances, as that term is defined by the Comprehensive Environmental Response, Compensation, and Liability Act, ("CERCLA), 42 U.S.C. § 9601 *et seq.* and as understood by the agencies charged with enforcement of CERCLA. The remaining allegations contained in paragraph 11 are denied.

12.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 12. To the extent a response is required, those allegations are denied.

13.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 13. To the extent a response is required, those allegations are denied.

14.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 14. To the extent a response is required, those allegations are denied.

PD.36417743.1

15.     ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 15. To the extent a response is required, those allegations are denied.

16.     ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 16. To the extent a response is required, those allegations are denied.

17.     ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 17. To the extent a response is required, those allegations are denied.

18.     ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 18. To the extent a response is required, those allegations are denied.

19.     ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 19. To the extent a response is required, those allegations are denied.

20.     ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 20. To the extent a response is required, those allegations are denied.

21.     ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 21. To the extent a response is required, those allegations are denied.

22.     ITC admits that the fire was extinguished on March 20 and that a shelter-in-place order was issued by public officials. The remaining allegations contained in paragraph 22 are denied.

23.     ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 23. To the extent a response is required, those allegations are denied.

24.     ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 24. To the extent a response is required, those allegations are denied.

25.     ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 25. To the extent a response is required, those allegations are denied.

26.     ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 26. To the extent a response is required, those allegations are denied.

27.     ITC admits that the fire reignited, that a containment system at its facility failed, and that CERCLA hazardous substances were released and eventually migrated to the Houston Ship Channel as a result. The remaining allegations of paragraph 27 are denied.

28.     ITC admits that the Houston Fuel Oil Terminal is flanked on the north by Carpenter's Bayou and on the south by Buffalo Bayou, and that CERCLA

hazardous substances at some point migrated to the Houston Ship Channel. The remaining allegations of paragraph 28 are denied.

29.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 29. To the extent a response is required, those allegations are denied.

30.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 30. To the extent a response is required, those allegations are denied.

31.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 31. To the extent a response is required, those allegations are denied.

32.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 32. To the extent a response is required, those allegations are denied.

33.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 33. To the extent a response is required, those allegations are denied.

34.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 34. To the extent a response is required, those allegations are denied.

PD.36417743.1

35.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 35. To the extent a response is required, those allegations are denied.

36.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 36. To the extent a response is required, those allegations are denied.

37.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 37. To the extent a response is required, those allegations are denied.

38.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 38. To the extent a response is required, those allegations are denied.

39.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 39. To the extent a response is required, those allegations are denied.

40.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 40. To the extent a response is required, those allegations are denied.

41.    ITC is without information sufficient to form a belief as to the veracity of the allegations contained in paragraph 41. To the extent a response is required, those allegations are denied.

PD.36417743.1

42.     Paragraph 42 contains legal assertions that require no response from ITC.

43.     ITC denies that it is liable in any way to Hayes for the negligence and/or fault alleged in paragraph 43.

44.     ITC denies it was negligent *per se* in connections with the allegations contained in paragraph 44.

45.     ITC denies it had any duty to provide a seaworthy vessel to Hayes, and therefore denies the allegations contained in paragraph 45 to the extent those allegations are directed at ITC.

46.     The allegations contained in paragraph 46 are denied.

47.     The allegations contained in paragraph 47 are denied.

48.     The allegations contained in paragraph 48 are denied.

49.     ITC denies it has any duty to provide maintenance and cure to Hayes, and therefore denies the allegations contained in paragraph 49 to the extent those allegations are directed at ITC.

50.     ITC denies it has any duty to provide maintenance and cure to Hayes, and therefore denies the allegations contained in paragraph 50 to the extent those allegations are directed at ITC.

51.     The allegations contained in paragraph 51 are denied.

52.     Paragraph 65 contains legal conclusions and requires no response from ITC. To the extent a response is required, the allegations contained in paragraph 65 are denied.

53. ITC denies that Hayes is entitled to recover from ITC the relief requested in the final two un-numbered paragraphs of his Claim.

## THIRD DEFENSE

For further answer and without waiving the foregoing, Hayes's alleged injuries and damages, if any, were in no way caused by the fault, neglect, or want of due care on the part of ITC.

## FOURTH DEFENSE

For further answer and without waiving the foregoing, Hayes's alleged injuries and damages, if any, were proximately caused by his own contributory negligence and comparative fault, for which ITC is not liable.

## FIFTH DEFENSE

For further answer and without waiving the foregoing, Hayes's alleged injuries and damages, if any, were proximately caused, in whole or in part, by the negligence or other fault of third parties and/or instrumentalities not under the control of ITC and for whom ITC is not responsible, which negligence or other fault was the sole or proximate cause of Hayes's alleged damages.

## SIXTH DEFENSE

For further answer and without waiving the foregoing, Hayes's alleged injuries and damages, if any, were proximately caused, in whole or in part, by a superseding, intervening cause or a new and independent cause for which ITC has no legal liability.

## SEVENTH DEFENSE

For further answer and without waiving the foregoing, the damages allegedly sustained by Hayes were caused or contributed to in whole or in part by an unavoidable accident, Act of God, and/or conditions of tide, wind, or other inevitable hazard or peril of the sea.

## EIGHTH DEFENSE

For further answer and without waiving the foregoing, Hayes's alleged injures and damages, if any, are the result in whole or in part of pre-existing and/or subsequently occurring conditions, injuries, illnesses, or diseases unrelated to the alleged incident and for which ITC has no legal liability. Alternatively, Hayes's current medical conditions are the result of or have been aggravated, at least in part, by subsequent injuries for which ITC is not responsible.

## NINTH DEFENSE

For further answer and without waiving the foregoing, Hayes's alleged injuries and damages, if any, were the result of an open and obvious condition and/or risks assumed by him.

## TENTH DEFENSE

For further answer and without waiving the foregoing, Hayes has failed to mitigate his damages, if any.

## ELEVENTH DEFENSE

For further answer and without waiving the foregoing, if ITC is found liable to Hayes in any amount, which is expressly denied, ITC is entitled to a credit or setoff for any and all sums received in the way of any and all settlements. In the

alternative, ITC asserts its right to a proportionate reduction of any damages found against it based on the negligence attributable to any settling tortfeasor and/or any responsible third party and/or Hayes himself.

## TWELFTH DEFENSE

For further answer and without waiving the foregoing, ITC pleads that if it is found liable to Hayes in any amount, which is specifically denied, it is entitled to a credit, set-off, or reimbursement for any and all sums Claimant has received in the way of any health insurance benefits, disability benefits, other free medical care and/or payments that Hayes has received or is entitled to receive, and/or all sums Hayes has received in the way of gratuitous or obligatory payments Hayes has received post-incident.

## THIRTEENTH DEFENSE

For further answer and without waiving the foregoing, Hayes's recovery, if any, of medical and/or healthcare expenses incurred is limited to the amount, if any, actually paid or incurred by or on his behalf. Tex. Civ. Prac. & Rem. Code §41.0105.

## FOURTEENTH DEFENSE

For further answer and without waiving the foregoing, Hayes's negligence and/or other conduct was the sole proximate cause, or in the alternative, a proximate cause of the matters alleged by Hayes. ITC pleads contributory negligence, negligence *per se*, *res ipsa loquitur*, comparative fault, and proportionate responsibility as to the causes of action pleaded by Hayes.

## NINETEENTH DEFENSE

For further answer and without waiving the foregoing, ITC pleads that Hayes is restricted to actual pecuniary losses and that Hayes is not entitled to recover any damages other than those specifically allowed under the Jones Act or the general maritime law of the United States.

## TWENTIETH DEFENSE

For further answer and without waiving the foregoing, ITC pleads that Hayes must meet the evidentiary requirements for presenting a claim for recovery of loss of earnings, loss of earning capacity, and loss of contributions of a pecuniary value set forth in the Texas Civil Practice and Remedies Code as set forth in 18.091(a). Also, ITC seeks and requests appropriate jury instructions as required by 18.091(b).

## TWENTY-FIRST DEFENSE

For further answer and without waiving the foregoing, ITC pleads that any recovery by Hayes of pre-judgment interest is limited by the dates and amounts set forth in Chapter 304 of the Texas Finance Code.

## <u>CONCLUSION</u>

Claimant and Third-Party Defendant International Terminals Company LLC prays that, after due proceedings are had, judgment be entered in its favor, dismissing any claims filed against it at any such claimant's sole cost and expense, granting ITC full recovery over and against Kirby Inland Marine, LP as prayed for in its Claim, with costs and interest, and for contribution and full indemnity for any sums which may be found due and owing from ITC to any other person or entity and

PD.36417743.1

for any fees and costs incurred by ITC in defending against any claims asserted

against it. ITC prays for all other and further relief to which it may be entitled.

Respectfully submitted,

/s/ Marc G. Matthews
_____
Marc G. Matthews
Texas Bar No.: 24055921
Southern District of Texas ID: 705809
910 Louisiana Street, Suite 4300
Houston, Texas 77002
Telephone: 713-626-1386
Facsimile: 713-626-1388
Marc.matthews@phelps.com

**ATTORNEY-IN-CHARGE FOR
INTERCONTINENTAL TERMINALS
COMPANY LLC**

OF COUNSEL:

**Phelps Dunbar LLP**
Ivan M. Rodriguez
Texas Bar No. 24058977
Ivan.rodriguez@phelps.com
J. Alan Harrell
Texas Bar No. 24114609
Alan.harrell@phelps.com
Phelps Dunbar, LLP
910 Louisianan Ste., Ste 4300
Houston, Texas 77002
Telephone: 713-626-1386
Facsimile: 713-626-1388